# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| DANIEL GOINS, | ) |
| *Plaintiff*, | ) Case No. 1:25-cv-89 |
| | ) |
| v. | ) Judge Travis R. McDonough |
| | ) |
| T.D.O.C, AIR MART, SINTINNIAL MED., CHRISTY HOLBROOK, C/O BURGESS, SGT. MOORE, ANDREW SCHULTS, PETE WRIGHT, and CPL. COOPER | ) Magistrate Judge Christopher H. Steger |
| *Defendants*. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Daniel Goins, a prisoner in the custody of the Tennessee Department of Correction ("TDOC"), is proceeding pro se and *in forma pauperis* in this prisoner's civil rights action under 42 U.S.C. § 1983 (*see* Doc. 8). On April 30, 2025, the Court entered a Memorandum Opinion and Order finding Plaintiff's complaint contained improperly joined claims; ordering Plaintiff to file an amended complaint by May 20, 2025, containing only properly joined claims; and advising Plaintiff that failure to timely submit an amended complaint would result in the Court considering only "the first claim listed in Plaintiff's initial complaint and any claims properly joined with that claim" (*id.* at 3–4, ¶ 5). Plaintiff subsequently filed an amended complaint (Doc. 9), which is before the Court for screening in compliance with the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e) and § 1915A, to determine whether it states a justiciable claim.

I.  **SCREENING STANDARD**

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).  The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure.  *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).  Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than lawyer-drafted pleadings.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570.  Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief.  *Iqbal*, 556 U.S. at 681.

II.  **PLAINTIFF'S ALLEGATIONS**

When Plaintiff was at the Bledsoe County Correctional Complex ("BCCX") for classification purposes, Officer Andrew Schults "left [him] on the floor with heart problems for upteen [sic] minutes[,] refused to call [for] help," played with food, refused to feed Plaintiff, and engaged in discrimination, criminal neglect, and abuse of an authority figure (Doc. 9 at 2).

2

Plaintiff was subsequently transferred to the Morgan County Correctional Complex ("MCCX"), where he is currently confined (*id.* at 2). At MCCX, Centurion, Aramark, and various officers have denied Plaintiff proper diabetic trays or medications, served him "old meals[,]" served his meals untimely, spoken to him rudely, ignored his requests for medical attention, and failed to comply with "ADA" menus (*id.* at 3).

Also attached to Plaintiff's amended complaint is a letter, in which Plaintiff complains of incidents involving his housing, property, and mail between May 16 and May 20, 2025, and asking to add claims related to these incidents to his case if it is permissible to do so (*id.* at 5).

Aggrieved by these incidents, Plaintiff filed the instant action against various Defendants employed at BCCX and MCCX, seeking monetary compensation, "to be treated as a human being, and [to be] placed somewhere that can accom[m]odate [his] medical needs" (*id.* at 4).

## III. ANALYSIS

Despite advising Plaintiff that his initial complaint contained improperly joined claims and permitting Plaintiff the opportunity to file an amended complaint "and thereby choose whether to pursue his claims against the BCCX Defendants or the MCCX Defendants in this lawsuit" (Doc. 8, at 3–4), Plaintiff filed his amended complaint including the same improperly joined claims (*see* Doc. 9 at 4). Therefore, consistent with its prior Memorandum Opinion and Order (Doc. 8), the Court screens only the first claim listed in Plaintiff's amended complaint and any claims properly joined with that claim (*id.* at ¶ 5). This includes Plaintiff's allegations against Officer Shults arising from incidents that occurred while Plaintiff was housed at the BCCX (Doc. 9, at 2).

First, Plaintiff complains that Officer Schults "left [him] on the floor with heart problems for upteen [sic] minutes [and] refused to call [for] help" (*id.*). This allegation implicates the Eighth Amendment, which prohibits deliberate indifference to a prisoner's medical needs.

3

*Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim for a violation of his right to medical care, a plaintiff must allege a "sufficiently serious" need that the defendants responded to with "deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 834, 842 (1994). A prisoner demonstrates deliberate indifference by showing "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. But only acts or omissions that produce an "unnecessary and wanton infliction of pain" implicate the Eighth Amendment. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991).

Here, Plaintiff has not presented any facts to indicate what heart problems he was suffering; he has not alleged what, if anything, he told Officer Schults about his need for medical treatment; and has he alleged any facts that would indicate that his need for medical attention was apparent. Therefore, he has not adequately pled facts to support a claim that Officer Schults knew of and disregarded an excessive risk to Plaintiff's health or safety. *See Iqbal*, 556 U.S. at 678 (noting claim is plausible only where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" (citation omitted)).

And even if Plaintiff had pled sufficient facts to render a deliberate indifference claim colorable, he has not alleged that he suffered any injury as a result of Officer Shults' actions, and therefore, he has not plausibly alleged a right to the award of damages. *See Horn v. Madison Cnty. Fiscal Ct.*, 22 F.3d 653, 659 (6th Cir. 1994) (holding "a violation of a federally secured right is remedial in damages only upon proof that the violation proximately caused injury").

Plaintiff also alleges that Officer Schults "play[ed] w[ith] food" and "refus[ed] to feed" Plaintiff (Doc. 9, at 2). Plaintiff does not advance any facts to inform the Court how "playing w[ith] food" was presented, how often it occurred, and how often Officer Schults refused to feed

4

Plaintiff. Regardless, Plaintiff does not allege that his health suffered in some way as a result of inadequate nutrition. And absent facts permitting the plausible inference that Plaintiff's health suffered because of Officer Schults' actions, Plaintiff has failed to state a constitutional claim. *See Cunningham v. Jones*, 567 F.2d 653, 659–60 (6th Cir. 1977) (providing that where a prisoner's diet is sufficient to sustain the prisoner's good health, no constitutional right has been violated).

Plaintiff's remaining allegations against Officer Schults'—discrimination, neglect, and abuse—are not factually supported at all. And such "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" fail to state a claim for relief. *Iqbal*, 556 U.S. at 678. Accordingly, Plaintiff has failed to state a colorable constitutional claim against Officer Schults, and this Defendant will be **DISMISSED**.

To the extent Plaintiff's claims against the TDOC, Centurion, and Aramark may be considered properly joined with Plaintiff's claims against Officer Schults, the Court finds Plaintiff cannot maintain suit against these entities. First, TDOC is an arm of the State of Tennessee. *See Hix*, 196 F. App'x at 355 (holding TDOC is equivalent of the "State"). But "a state is not a person within the meaning of §1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). Additionally, the Eleventh Amendment typically "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments." *Thiokol Corp. v. Mich. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–01 (1984)). Therefore, Plaintiff cannot maintain suit against the TDOC, and this Defendant will be **DISMISSED**.

Next, Aramark, the private employer contracted to provide food service to TDOC facilities, and Centurion, the private company providing contracted medical services to TDOC facilities, are entities subject to suit, but only where Plaintiff can show that his particular injury

was incurred due to the execution of a policy or custom of the entity. *See Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (citation and quotation marks omitted); *see also Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011) (holding plaintiff must allege "a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights). Plaintiff has not set forth any facts from which the Court could infer that his constitutional rights were violated by a policy or custom of either Aramark or Centurion. Therefore, these Defendants will be **DISMISSED**.

The remainder of Plaintiff's claims involve events that occurred at MCCX and against Defendants at that facility, and, as the Court previously found, those claims are not properly joined in this action (*see* Doc. 8). Therefore, consistent with the Court's previous Memorandum Opinion and Order, all remaining claims and Defendants are summarily **DISMISSED** without prejudice (*id.*). Fed. R. Civ. P. 21 ("On motion or on its own, the court may, at any time, on just terms, add or drop a party."). If Plaintiff desires to pursue claims against the MCCX Defendants for incidents occurring at that facility, he must do so by filing a separate action.[1]

## IV. CONCLUSION

For the reasons set forth above, the Court **DISMISSES** Plaintiff's claims against Defendant Andrew Shults, TDOC, Aramark, and Centurion for failure to state a claim and **DISMISSES** the remaining claims and Defendants as improperly joined.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court also **NOTIFIES** Plaintiff that the PLRA requires prisoners to exhaust all applicable grievance procedures before filing suit. *See* 42 U.S.C. § 1997e(a).